UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRYAN LINE,

                                   Plaintiff,

                    -against-

MORE CONSULTING CORP., M'S TIMES THREE
CORP., and BRIAN J. MORRELL a/k/a BRIAN MORE
                            Defendants.
-------------------------------------------------------------------X

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff BRYAN LINE ("Plaintiff"), by and through his attorneys, The Siegel Law Firm,

P.C. as and for his Complaint against defendants MORE CONSULTING CORP. ("More

Consulting"), M'S TIMES THREE CORP., ("M's Times Three"), and BRIAN J. MORRELL

a/k/a BRIAN MORE ("Morrell") (collectively "Defendants") alleges the following:

## JURISDICTION AND VENUE

        1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 *et seq.*, Article 6 and 19 of the New York Labor Law ("NYLL"), and Title 12,

Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages

and other relief related to his employment with Defendants.

        2.     Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the

FLSA, 29 U.S.C. §216(b), and upon 28 U.S.C. §1331.

        3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part

of the same case or controversy.

        4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      At all times hereinafter mentioned, Plaintiff is an individual who resides in the State of New York.

6.      Plaintiff is a former employee of Defendants.

7.      At all times hereinafter mentioned, upon information and belief, More Consulting is a domestic business corporation organized and existing by virtue of the laws of the State of New York, and having its principal place of business at 19 Old Dock Road, Yaphank, New York 11980.

8.      Upon information and belief, More Consulting also utilizes the following addresses, 1527 Rocky Point Road, Middle Island, NY 11953, and 19 Bergen Place, Port Jefferson Station, NY 11776.

9.      At all times hereinafter mentioned, upon information and belief, M's Times Three is a domestic business corporation organized and existing by virtue of the laws of the State of New York, and having its principal place of business at 19 Bergen Place, Port Jefferson Station, NY 11776.

10.      Upon information and belief, Morrell is a resident of the State of New York, residing at 19 Bergen Place, Port Jefferson Station, NY 11776, and is also known by the name Brian More.

11.      Upon information and belief, at all relevant times, Morrell maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

12.      Upon information and belief, Morrell is the Chief Executive Officer of More Consulting and M's Times Three (collectively "Corporate Defendants")

13.     Upon information and belief, at all relevant times, Morrell was and continues to be an owner, corporate officer, director, and/or managing agent of Corporate Defendants, and one of Corporate Defendant's 10 largest shareholders.

14.     Upon information and belief, at all relevant times, Morrell exercised operational control over Corporate Defendants, controlled significant business functions of More Consulting, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of each Corporate Defendant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

15.     At all material times herein, Morrell regularly gave Plaintiff work assignments.

16.     During the time he was employed by Defendants, Plaintiff reported to Morrell.

17.     At all material times herein, Morrell caused and facilitated Defendants' practice of failing to pay time-and-a-half for overtime pay

18.     Upon information and belief, at all relevant times, Morrell participated in running the daily operations of More Consulting and its roofing business.

19.     Upon information and belief, at all relevant times, Morrell participated in running the daily operations of M's Times Three and its asbestos removal business.

20.     Upon information and belief, at all relevant times, Morell participated in the management and supervision of Plaintiff and his work for More Consulting.

21.     Upon information and belief, at all relevant times, Morell participated in the management and supervision of Plaintiff and his work for M's Times Three.

22.  Based on the aforesaid, Plaintiff was a covered employee and the Corporate Defendants and Morrell were covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

23.     Defendants are engaged in interstate commerce, and have an annual gross volume of sales made or business done totaling $500,000.00 or more.

## JURY DEMAND

24.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

25.     Plaintiff was employed as a roofer for the benefit of and at the direction of Defendants.

26.     Plaintiff was employed by Defendants from in or about 2015 to on or about August 9, 2020.

27.     During his employment with More Consulting, Plaintiff worked on numerous prevailing wage projects including, but not limited to, public construction and/or roofing projects at Mt. Sinai High School, Mt. Sinai Middle School, Dawnwood Middle School, Dawnwood High School, Kings Park Middle School, Commack High School, Sagamore Children's Psychiatric Center, Kings Park Middle School, William and Rogers Middle School, and Lawrence Middle School, the Uniondale Federal Aviation Administration Building, as well as private construction and/or commercial and residential roofing projects.

28.     During his employment with Corporate Defendants, Plaintiff worked on numerous private and public asbestos removal projects, including roofing projects contracted by More Consulting.

29.     The prevailing wage and benefit rate that Defendants were required to pay to Plaintiff was higher than the rate of pay Defendants actually paid Plaintiff.

30.     Upon information and belief, Defendants entered into contracts, as either a subcontractor or prime contractor, with certain school districts, municipalities and/or government

agencies, including, upon information and belief, the Department of Public Works for the Towns of Islip, Huntington, Babylon, Hempstead, Oyster Bay, without limitation, and/or New York State Office of General Services, school districts throughout Nassau and Suffolk County, including Mt. Sinai School District, King Park School District, Commack School District, Lawrence School District, Dawnwood School District, the Department of Transportation Federal Aviation Administration, the NYS Department of Education, the Federal Government, New York State, Suffolk County, Nassau County, and/or villages, towns, townships, cities and municipalities throughout Long Island, or with prime contractors not currently known, to furnish labor, material and equipment to perform work on these public works projects.

31.     Upon information and belief, the material and equipment used for such projects originated outside of the state of New York and moved in interstate commerce.

32.     Upon information and belief, the public works contracts required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects, including their direct employees and all other persons furnishing labor on the sites of the public works projects.  Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing wages and supplements to all workers furnishing labor on the sites of the public works projects.

33.     As required by law, a schedule containing prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid to the Plaintiff should have been annexed to and formed part of the public works contracts.  If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

34.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects are the beneficiaries of that promise and the contracts entered into between Defendants and government agencies.

35.     Upon information and belief, in furtherance of the public works contracts entered into by Defendants, the Plaintiffs performed various types of construction work, including but not limited to, roofing repair and replacement, and asbestos removal.

36.     During his employment, Plaintiff was not required to punch in or out, sign in or out, log in or out, or otherwise record the time that he worked each day and each week.

37.     Plaintiff reported his hours worked to his foreman, Maciej Citak ("Citak"), each day.   Plaintiff believed Citak to have kept track of his total hours worked most weeks, but he did not, upon information and belief, accurately include all of Plaintiff's hours worked each week, and did not accurately reflect Plaintiff's daily hours, which often exceeded eight hours in a day for which overtime was often required pursuant to public works contracts, and did not accurately reflect Plaintiff's weekend hours for which overtime was often required pursuant to public works contracts.

38.     Upon information and belief, Citak did not record all hours worked and/or reported by Plaintiff each workweek, including all hours worked on public and private projects.

39.     Upon information and belief, Citak did not record all hours worked and/or reported by Plaintiff each workweek, including all hours worked for asbestos removal for M's Times Three, whether public or private.

40.     During his employment, Defendants paid Plaintiff by the hour.

6

41.     During his employment, Defendants paid Plaintiff straight time for many, but not all of the hours he worked each day and each week.

42.     Upon information and belief, for all work performed by Plaintiff, Defendants willfully paid the Plaintiff less than the prevailing rates of wages and supplemental benefits to which they were entitled.

43.     During the period of time for which the Plaintiff performed work on the public works projects, Defendants failed to ensure payment of the prevailing rates of wages and supplemental benefits to which Plaintiff was entitled according to the terms of Defendants' government contracts.

44.     In many or most instances, the prevailing wage for a roofer in Nassau and Suffolk counties in New York from 2016 to 2022 exceeded $80.00 per hour, including supplemental benefits.

45.     Despite working on public works projects during his employment with Defendants, Plaintiff was never paid the prevailing wage or supplemental benefits for the hours that he worked on those public works contracts.

46.     During his employment with Defendants, Plaintiff was paid less than the prevailing wage and applicable supplemental benefits on public projects.

47.     During his employment, when Plaintiff worked more than forty hours in a week, Defendants would only pay him straight time for many, but not all, of the hours that he worked over forty instead of time and one half his regular rate of pay.

48.     During Plaintiff's employment, Plaintiff worked on private projects that were not public works.  Similarly, his hours were not adequately recorded and he was not properly paid time and a half for hours worked over forty in a workweek.

49.     Plaintiff also performed work for both Corporate Defendants in the same week or same day, which total hours were not adequately recorded, and he was not properly paid time and a half for hours worked over forty in a workweek.

50.     Defendants did not use Plaintiff's regular rate of pay to calculate Plaintiff's overtime pay.

51.     Where an employee is entitled to prevailing wages and does not receive such wages, overtime wages should be calculated using the prevailing wage as the regular rate.

52.     Where two or more rates of pay are used in a single week, the regular rate is determined by dividing the total weekly pay by the total number of hours worked

53.     For the work week April 11, 2017 to April 18, 2017, Plaintiff worked 67 hours and, thus, worked at least 27 hours of overtime.

54.  Defendants, however, paid Plaintiff 0 hours of overtime and 67 hours of straight time.

55.     For the work week May 17, 2017 to May 23, 2017, Plaintiff worked 66 hours and, thus, worked at least 26 hours of overtime.

56.     Defendants, however, only paid Plaintiff for 1.5 hours of overtime and 64.5 hours of straight time.

57.     For the work week June 28, 2017 to July 4, 2017, Plaintiff worked 57.5 hours and, thus, worked at least 17.5 hours of overtime.

58.     Defendants, however, paid Plaintiff 0 hours of overtime and 57.5 hours of straight time.

59.     The above examples are only illustrative, and are only mentioned to avoid any possible claim that Plaintiff has not satisfied the pleading requirements of *Iqbal v. Ashcroft*, 556

U.S. 662 (2009).  Plaintiff has numerous earnings statements showing weeks  where he worked overtime without being paid time-and-a-half for overtime, and Defendants are in possession of all of Plaintiffs' earnings statements showing that Plaintiff worked overtime without being paid time-and-a-half for overtime based on Plaintiffs' regular rate of pay.

60.     Plaintiff's earning statements do not accurately reflect all hours worked for Corporate Defendants.

61.     Plaintiff's earning statements do not differentiate between hours worked on private projects and hours worked on public projects and their corresponding rates, and upon information and belief, do not reflect all hours worked each workweek.

62.     Accordingly, discovery will be needed to establish the full extent of Defendants' liability for unpaid overtime and liquidated damages.

63.     During his employment, when Plaintiff worked more than eight hours in a day, or on weekends, Defendants would only pay him straight time for many of the hours that he worked, instead of time and one half his regular rate of pay as required.

64.     During certain weeks when Plaintiff worked more than 40 hours, Defendants did not pay Plaintiff any overtime compensation at all.

65.     Defendants, however, only paid Plaintiff straight time for these hours worked.

66.     During his employment, Defendants repeatedly denied Plaintiff the correct weekly wages.

67.     During his employment, Defendants repeatedly denied Plaintiff the correct overtime compensation during each week that he worked more than 40 hours.

68.     During his employment, Defendants repeatedly failed to pay Plaintiff time and one half his regular rate of pay for each hour that he worked in excess of 40 hours during each

week that he worked more than 40 hours.

69.     Plaintiff was further not paid the overtime rate at the prevailing wage rate for hours worked on public works contracts.

70.     During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statements along with his weekly earnings, as required by NYLL §195(3).

71.     During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

72.     Morrell participated in the decision to hire Plaintiff.

73.     Morrell participated in the decision to fire Plaintiff.

74.     Morrell participated in deciding the job duties that Plaintiff performed on a daily basis.

75.     Morrell participated in the daily supervision of Plaintiff's job duties and responsibilities.

76.     Morrell participated in setting Plaintiff's work schedule.

77.     Morrell participated in deciding the hours that Plaintiff worked each week.

78.     Morrell participated in deciding the manner in which Plaintiff was paid.

79.     Morrell participated in deciding the compensation Plaintiff was paid.

80.     Morrell participated in running the day-to-day operations of Defendant More Consulting and M's Times Three during Plaintiff's employment.

81.     Defendants managed Plaintiff's employment, including the amount of time worked and the rates that he was paid.

82.     Defendants dictated, controlled, and ratified the wage and hour and all related

employee compensation policies.

83.     Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

84.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

85.     The willfulness of Defendants' wage and hour violations can be inferred from several sources, including, without limitation, Defendants' knowledge of the federal and state wage and hour laws, which was required for them to participate in public contracts, and Defendants' adoption of highly confusing earnings statements that do not comply with the disclosure requirements of NYLL § 195.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Violation of the Fair Labor Standards Act 29 U.S.C. §201 *et seq.* – Unpaid Wages and Failure to Compensate for Overtime)**

86.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

87.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

88.     Defendants were and are subject to the overtime pay requirements of the FLSA because More Consulting is an enterprise engaged in commerce or in the production of goods for commerce.

89.     At all times relevant to this Complaint, More Consulting has, and continues to

have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a roofer and handled materials and equipment that originated outside of the State of New York.

90. Upon information and belief, the gross annual volume of sales made or business done by More Consulting for the years 2018, 2019, and 2020 was not less than $500,000.00.

91. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

92. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half-times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

93. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

94. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

95. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant periods of his employment.

96. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

97. Defendants did not act in good faith with respect to the conduct alleged herein.

98. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
**(Violation of the New York Labor Law Articles 6 and 19 – Failure to Compensate for Overtime and Unpaid Wages)**

99.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

100     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

101.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.  12 N.Y.C.R.R. §142-2.2.

102.     At no time during Plaintiff's employment with Defendants did Defendants ever compensate Plaintiff his overtime wages by calculating his regular rate of pay based on prevailing wages and then compensating Plaintiff at a rate of time-and-one half of said rate for hours worked over forty (40) in a workweek.

103.     While employed by Defendants, Plaintiff worked overtime, including overtime hours while working on public works contract projects, yet was not paid an overtime rate, including the overtime rate based on prevailing wages.

104.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the regulations pertaining thereto.

105.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

106.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of their employment, because he did not meet the requirements

13

for any of the reduced number of exemptions available under New York law.

107.    Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

108.    Defendants did not act in good faith with respect to the conduct alleged herein.

109.    As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Failure to Pay Wages Under New York Labor Law Section 190 *et. seq.*)**

110.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

111.    Pursuant to the terms of Plaintiff's employment with Defendants, he earned an hourly wage that was less than the prevailing wage and wage supplements required pursuant to government contracts held by Defendants.

112.    During the term of his employment with Defendants, Defendants failed, refused, or otherwise neglected to pay plaintiff for all of the hours that he worked for Defendants.

113    Defendants' refusal to pay Plaintiff all hours worked is willful and intentional.

114.    Defendants' refusal and failure to pay Plaintiff all hours that he worked violates New York Labor Law Section 190 *et seq.*

115.    As a result, Defendants' failure to pay Plaintiff all hours worked, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $400,000.00.

116.    As a result of Defendants; willful refusal and failure to pay Plaintiff all hours worked, pursuant to New York Labor Law Section 190 *et. seq.*, Plaintiff is entitled to costs and

attorneys' fees in this action.

117.    As a result of Defendants' willful refusal and failure to pay Plaintiff all hours worked, pursuant to New York Labor Law Section 190 *et seq.*, Plaintiff is entitled to liquidated damages in an amount of one-hundred percent (100%) of the unpaid hours, plus statutory interest thereon, of an amount to be determined at trial, but in no event less than $400,000.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Violation of the New York Labor Law NYLL Section 195(1) – Failure to Provide Wage Notices)**

118.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

119.    Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

120.    Through his knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

121.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL §198(1-b).

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of New York Labor Law Section 195(3) – Failure to Provide Wage Statements)

122.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

123.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

124.    Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

125.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL §198(1-d).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of Public Works Contracts)

126.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

127.    Upon information and belief, More Consulting entered into Public Works Contracts that contained schedules of the prevailing rates of wages and supplemental benefits to be paid to its roofers, including Plaintiff.

128.    Those prevailing rates of wages and supplemental benefits were made part of the More Consulting Public Works Contracts for the benefit of the Plaintiff and other More

Consulting employees working on prevailing wage projects.

129.    At all times relevant to this action, Plaintiff performed labor at the Public Works projects for the benefit of and at the direction of More Consulting.

130.    More Consulting breached the Public Works Contract by willfully failing to pay and ensure payments to Plaintiffs the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiffs upon the Public Works Projects.

131.    By reason of its breach of each Public Works Contract, More Consulting is liable to Plaintiff in an amount to be determined at trial, plus interest costs, and attorney's fees.

**WHEREFORE**, Plaintiff demands Judgment as against Defendants, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices;

4.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

5.    Breached the public works contracts by failing to pay Plaintiff the prevailing rates of wages and supplemental benefits.

B.  Award compensatory damages, including all overtime compensation and minimum

wages owed, in an amount to be determined at trial.

C.  Awarding liquidated damages under the NYLL, or alternatively the FLSA;

D.  Award statutory damages under the NYLL;

E.  Award interest on all NYLL overtime compensation and minimum wages due accruing

from the date such amounts were due;

F.  Award all costs and attorneys' fees incurred in prosecuting this action; and

G.  Provide such further relief as the Court deems just and equitable.

Dated: Garden City, New York
       January 26, 2023

                                          THE SIEGEL LAW FIRM, P.C.

                                          _____

                                          By: Bradley R. Siegel, Esq.
                                          *Attorneys for Plaintiff*
                                          591 Stewart Avenue, Suite 550
                                          Garden City, New York 11530
                                          (516) 558-7559